IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

                Respondent.

    v.

R.C.,

                Appellant.

No. 85339-2-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — On February 28, 2023, R.C. pleaded guilty to assault in the first degree and robbery in the first degree. On March 29, 2023, the juvenile court imposed a $100 crime victim penalty assessment (VPA) and DNA[1] collection fee as part of the disposition order.

R.C. filed an appeal challenging the imposition of the VPA and DNA fee. At the time of R.C.'s adjudication, the law mandated imposition of a VPA and DNA fee. Former RCW 7.68.035(1)(b); former RCW 43.43.7541. While R.C.'s appeal was pending, the legislature amended the law with respect to legal financial obligations, which no longer authorizes the court to require juveniles to pay any legal financial obligations apart from restitution. Laws of 2023, ch. 449 § 1; RCW 7.68.035(5)(a). The legislature also amended the DNA statute to eliminate that fee. Laws of 2023, ch. 449 § 4; RCW 43.43.7541(2). Although the amendments did not take effect until after R.C. was sentenced, our courts have held that the recent amendments to statutes governing

---

[1] Deoxyribonucleic acid.

legal financial obligations apply retroactively to matters pending on direct appeal. *See State v. Ellis,* 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). The State concedes that it is appropriate to remand for the purpose of striking the VPA and DNA fee.

Remanded for proceedings consistent with this opinion.

FOR THE COURT:

Dwyer, J.

Díaz, J.

Coburn, J.